UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ASSOCIATES OF TRIANGLE, INC., | ) Case No. 24-cv-1523 |
| MAGNA PROPERTIES, INC., ROMAN | ) |
| CATHOLIC ARCHDIOCESE OF | ) |
| INDIANAPOLIS PROPERTIES, INC., | ) |
| ST. PATRICK CATHOLIC CHURCH, | ) |
| INDIANAPOLIS, INC., CATHOLIC | ) |
| CHARITIES OF THE ARCHDIOCESE | ) |
| OF INDIANAPOLIS, INC. d/b/a HOLY | ) |
| FAMILY SHELTER, CATHOLIC SOCIAL | ) |
| SERVICES HOLY FAMILY SHELTER | ) |
| TRUST, JOSHUA BURTON, by and | ) |
| through his Guardians, KELLY LEAL | ) |
| and CHRISTINA BURTON, and | ) |
| CHRISTINA BURTON, individually, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff, Nautilus Insurance Company ("Nautilus"), by and through its attorneys, Traub Lieberman Straus & Shrewsberry LLC, and for its Complaint for Declaratory Judgment, states as follows:

**NATURE OF ACTION**

1. Nautilus is an insurance company that issued a Commercial Lines Policy, policy number NN1609118, to Triangle Associates Inc. and Fountain Flats, LLC as the named insureds, for the period of January 16, 2024 to January 16, 2025 (the "Nautilus Policy"). A true and correct copy of the Nautilus Policy is attached hereto as **Exhibit A**.

2. Nautilus brings this Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201 (Declaratory Judgment Act), seeking a declaration with respect to its duties under the Nautilus Policy in connection with the lawsuit styled, *Joshua Burton, by and through his Court Appointed Guardians, Kelly Leal, et al. v. Associates of Triangle, Inc., et al.*, Case No. 49D04-2407-CT-029354, pending in Marion County Superior Court 4 in Marion County, Indiana (the "*Burton* Lawsuit"). A true and correct copy of the Complaint filed in the *Burton* Lawsuit is attached hereto as **Exhibit B**.

3. Nautilus seeks a declaration that no coverage is available under the Nautilus Policy for the claims made and relief sought in the *Burton* Lawsuit.

4. There exists an actual and justiciable controversy among the parties concerning their respective rights, duties, and obligations under and pursuant to the Nautilus Policy. Nautilus contends that no coverage is available under the Nautilus Policy for the *Burton* Lawsuit based on the terms, conditions, and exclusions of the Nautilus Policy and applicable law, while the parties to the *Burton* Lawsuit contend or may contend that coverage exists under the Nautilus Policy with respect to the *Burton* Lawsuit.

5. Nautilus has no remedy at law and, therefore, desires a judicial determination of its rights and duties in accordance with the Nautilus Policy. A judicial declaration is necessary and appropriate at this time so that Nautilus may ascertain its rights and duties with respect to coverage under the Nautilus Policy for the *Burton* Lawsuit.

## PARTIES

6. Nautilus is an insurance company organized under the laws of Arizona with its principal place of business in Scottsdale, Arizona, and therefore, is a citizen of Arizona.

7. Roman Catholic Archdiocese of Indianapolis Properties, Inc., is a corporation organized under the laws of Indiana, with its principal place of business in Marion County, Indiana, and is therefore a citizen of Indiana.

8. St. Patrick Catholic Church, Indianapolis, Inc. is a corporation organized under the laws of Indiana, with its principal place of business in Marion County, Indiana, and is therefore a citizen of Indiana.

9. Catholic Charities of the Archdiocese of Indianapolis, Inc. d/b/a Holy Family Shelter is a corporation organized under the laws of Indiana, with its principal place of business in Marion County, Indiana, and is therefore a citizen of Indiana.

10. Catholic Social Services Holy Family Shelter Trust is a Trust created and existing under the laws of Indiana with assets in Marion County, Indiana, and is therefore a citizen of Indiana.

11. Triangle Associates is a corporation organized under the laws of Indiana, with its principal place of business in Marion County, Indiana, and is therefore a citizen of Indiana.

12. Magna Properties is a corporation organized under the laws of Indiana, with its principal place of business in Marion County, Indiana, and is therefore a citizen of Indiana.

13. On information and belief, Joshua Burton ("Burton") was and is a resident of Marion County, Indiana, and a citizen of Indiana. Nautilus seeks no relief from Burton other than that he be bound by any judgment entered by the Court in this matter.

14. On information and belief, Christina Buron was and is a resident of Marion County, Indiana, and a citizen of Indiana. Nautilus seeks no relief from Christina Burton other than that she be bound by any judgment entered by the Court in this matter.

15. On information and belief, Kelly Leal was and is a resident of Johnson County, Indiana, and a citizen of Indiana. Nautilus seeks no relief from Kelly Leal other than that she be bound by any judgment entered by the Court in this matter.

## JURISDICTION AND VENUE

16. This Court has original jurisdiction of this action under 28 U.S.C. § 1332(a) as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

17. Complete diversity of citizenship exists between Plaintiff and Defendants in this matter.

18. The *Burton* Lawsuit seeks damages for severe injuries allegedly sustained by Burton while he was attacked by an assailant on the premises of an apartment complex located in Marion County, Indiana, wherein he suffered both physical and emotional injuries, having been in a coma and now requiring long-term care. Further, Burton's wife, Christina Burton, seeks damages for emotional distress for having witnessed the aftermath of the attack on her husband. Accordingly, the amount in controversy in the *Burton* Lawsuit, for which coverage is sought from Nautilus under the Nautilus Policy, exceeds $75,000 exclusive of interest and costs.

19. This action may be brought in this District pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions that gave rise to the claim occurred within this District.

## GENERAL ALLEGATIONS

20. The *Burton* Lawsuit alleges that Burton is a resident of Marion County, Indiana, and is under a guardianship wherein his mother, Defendant Kelly Leal, and his wife, Defendant Christina Burton, are his legal guardians. The *Burton* Lawsuit further alleges that Christina Burton is a resident of Marion County, Indiana. *See* Ex. B, ¶¶ 1-2, 9.

21. Burton, Leal, and Christina Burton shall be collectively referred to herein as "Underling Plaintiffs."

22. The *Burton* Lawsuit alleges that the St. Patrick's apartments, located at 933 Prospect Street in Indianapolis, Indiana (the "Apartments"), is owned by Roman Catholic Archdiocese of Indianapolis Properties, Inc., and/or St. Patrick Catholic Church, Indianapolis, Inc., and/or Catholic Charities of the Archdiocese of Indianapolis, Inc. d/b/a Holy Family Shelter, and/or Catholic Social Services Holy Family Shelter Trust (collectively, the "Archdiocese Defendants"). *See* Ex. B, ¶¶ 10, 15.

23. The *Burton* Lawsuit alleges that, sometime prior to January 27, 2024, the Archdiocese Defendants or their designated representatives entered into an agreement with Associates of Triangle, Inc., ("Triangle Associates") and/or Magna Properties, Inc. ("Magna Properties"), relating to the management of the Apartments. *See* Ex. B, ¶ 21.

24. The *Burton* Lawsuit alleges that, on January 27, 2024, Burton was attacked while utilizing a stairwell at his residence located at the Apartments, wherein he sustained several injuries, physical and emotional, resulting in significant pain, suffering, and financial loss. The *Burton* Lawsuit further alleges that Burton's wife, Christina Burton, suffered emotional distress due to witnessing the aftermath of the attack. *See* Ex. B, ¶¶ 10-13.

25. The *Burton* Lawsuit alleges that Burton was in a coma for over a month due to the attack and now requires long-term care; his mother and wife serve as his guardians due to his incapacitation. *See* Ex. B, ¶ 14.

26. The *Burton* Lawsuit alleges that the January 27, 2024 attack was the result of the numerous negligent acts and omissions on the part of the Archdiocese Defendants, Triangle Associates, and Magna Properties, including the failure to implement and maintain necessary

security measures, lighting, and repairs to prevent foreseeable harm to residents, including Burton, despite their awareness of prior incidents of unauthorized access and criminal activity at the Apartments. *See* Ex. B, ¶¶ 11, 19-20, 25-26, 33, 60.

27. The *Burton* Lawsuit also alleges that the Archdiocese Defendants, Triangle Associates and Magna Properties have worked with their insurance providers to develop a false narrative in an attempt to avoid coverage for the injuries sustained by Burton, having fabricated and spread false statements, claiming that the person who attacked Burton had been invited onto the property by Burton himself prior to the attack. See Ex. B, ¶¶ 64-65.

28. The *Burton* Lawsuit alleges that these statements were patently false and defamatory, were made with a reckless disregard for the truth, were maligning to Burton's character and, having been communicated to third parties, have caused Burton and his wife to suffer harm to their reputation, as well as emotional distressed. *See* Ex. B, ¶¶ 66-69.

29. On February 5, 2024, the Deputy Prosecuting Attorney of the Nineteenth Judicial Circuit filed an Information in the Marion Superior Court, Criminal Division, alleging, in relevant part, that the assailant who allegedly attacked Burton, did so by knowingly and intentionally striking Burton with a piece of wood with the intent to cause harm. A true and correct copy of the Criminal Information filed against Burton's alleged assailant is attached hereto as **Exhibit C**.

## THE NAUTILUS POLICY

30. Nautilus issued a Commercial Lines Policy, policy number NN1609118, to Triangle Associates Inc. and Fountain Flats, LLC as the named insureds, for the period of January 16, 2024 to January 16, 2025. *See* Ex. A.

31. The Nautilus Policy generally provides $1 million of liability coverage for each covered occurrence and $2 million in the aggregate, subject to the various terms, conditions, and exclusions set forth therein. *See* Ex. A at p. 16.

## COUNT I
## THE "ASSAULT AND BATTERY" EXCLUSION BARS COVERAGE

32. Nautilus adopts and re-alleges the allegations in paragraphs 1 through 31 of its Complaint for Declaratory Judgment as and for paragraph 32 of Count I, as if fully set forth herein.

33. The Nautilus Policy provides, in relevant part, the following with respect to liability coverage afforded therein:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.  Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

    \*\*\*

    **b.** This insurance applies to "bodily injury" and "Property damage" only if:

        **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

    \*\*\*

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

   \*\*\*

   b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

   \*\*\*

**SECTION V – DEFINITIONS**

\*\*\*

3. **"**Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\*\*\*

13. **"**Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*\*\*

14. **"**Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
    \*\*\*

    d. Oral or written publication, in any manner, of material that slanders or libels a person\*\*\*

\*\*\*

18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

    a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

    b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

See Ex. B, pg. 17-31.

34. The Nautilus Policy, pursuant to endorsement, contains the following exclusion titled "Exclusion – All Assault Or Battery" that bars coverage for the following:

**EXCLUSION - ALL ASSAULT OR BATTERY**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. The following exclusion is **added** to **2. Exclusions** of **Section I - Coverage A - Bodily Injury And Property Damage Liability**, **Coverage B - Personal And Advertising Injury Liability**, and **Coverage C – Medical Payments**:

This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of any actual or alleged:

1. "Assault" or "battery" caused, directly or indirectly, by you, any insured, any person, any entity, or by any means whatsoever; or

2. Failure to suppress or prevent "assault" or "battery" by you, any insured, any person, any entity, or by any means whatsoever; or

3. Failure to provide an environment secure from "assault" or "battery"; or

4. Failure to warn of the dangers of the environment which could contribute to "assault" or "battery"; or

5. Use of any force to protect persons or property whether or not the "bodily injury", "property damage" or "personal and advertising injury" was intended from the standpoint of you, any insured, or any person, or committed by or at the direction of you, any insured or any person; or

9

6. Failure to render or secure medical treatment or care following any "assault" or "battery"; or

7. Death, including any allegations of wrongful death, arising out of items **1.** through **6.** listed above.

This exclusion applies:

1. Whether or not any claimed damages occurred at any premises owned or occupied by any insured;

2. To all causes of action arising out of any "assault" or "battery" including, but not limited to, allegations of negligent hiring, placement, training, or supervision, or to any act, error, or omission relating to such an "assault" or "battery";

3. To any claims or "suits" brought by any other person, firm or organization asserting rights derived from, contingent upon, or arising out of an "assault" or "battery"; and specifically excludes from coverage claims or "suits" for:

   a. Emotional distress or for loss of society, services, consortium or income; or

   b. Reimbursement for expenses including, but not limited to, medical expenses, hospital expenses, or wages, paid or incurred, by such other person, firm or organization; or

4. To any obligation to share damages with or repay someone who must pay damages because of the injury.

***

A. We will have no duty to defend or indemnify any insured in any action or proceeding alleging damages arising out of any "assault" or "battery".

B. The following definitions are added to Section V - Definitions:

1. "Assault" includes but is not limited to sexual assault, physical, written or oral abuse, sexual abuse, human or sex trafficking, intimidation, or any threatened harmful or offensive contact between two or more persons creating an apprehension in a person of immediate or imminent harmful or offensive contact; or an attempt to commit a "battery".

2. "Battery" includes but is not limited to physical abuse, sexual abuse, sexual battery, sexual molestation, hazing, physical altercation; or any harmful or

>  offensive contact to any person, whether direct or indirect, and regardless of intent.

*See* Ex. A at pp. 38-39 (hereinafter referred to as the "A&B Exclusion").

35. Pursuant to the A&B Exclusion, the Nautilus Policy does not provide coverage for any claim or "suit" for "bodily injury" or "personal and advertising injury" arising out of any actual or alleged "assault" and/or "battery."

36. The Nautilus Policy defines the term "assault" to include physical abuse and attempt to commit a "battery."

37. The Nautilus Policy defines the term "battery" to include a physical altercation or other harmful or offensive contact to any person regardless of intent.

38. The *Burton* Lawsuit is a "suit" that alleges injury arising out of, related to, and/or involving actual or alleged physical abuse, actual or alleged attempt to commit a battery, an actual or alleged physical altercation, and/or an actual or alleged harmful or offensive contact.

39. All of the causes of action in the *Burton* Lawsuit arise out of, relate to, and/or involve an actual or alleged physical abuse, actual or alleged attempt to commit a battery, an actual or alleged physical altercation, and/or an actual or alleged harmful or offensive contact.

40. The A&B Exclusion bars coverage under the Nautilus Policy for all causes of action arising out of an assault and battery, including causes of action for negligence, premises liability, professional negligence, negligent security, libel and slander.

41. The A&B Exclusion bars coverage under the Nautilus Policy for all causes of action arising from an alleged failure to provide an environment secure from "assault" or "battery."

42. The A&B Exclusion bars coverage under the Nautilus Policy for all of Underlying Plaintiffs' claims in the *Burton* Lawsuit.

11

43. Because the A&B Exclusion bars coverage for the claims asserted in the *Burton* Lawsuit, Nautilus has and had no duty to defend the Archdiocese Defendants, Triangle Associates, Magna Properties, or any other individual or entity against the *Burton* Lawsuit, or to indemnify them for any judgment or settlement entered into in the *Burton* Lawsuit.

44. An actual controversy exists between Nautilus and Defendants, and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Nautilus, respectfully prays that this Honorable Court:

a. Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Nautilus Policy;

b. Find and declare that the A&B Exclusion bars coverage under the Nautilus Policy for the claims asserted in the *Burton* Lawsuit;

c. Find and declare that Nautilus has and had no duty under the Nautilus Policy to defend the Archdiocese Defendants, Triangle Associates, Magna Properties, or any other individual or entity in the *Burton* Lawsuit, or to indemnify them for any judgment or settlement entered in the *Burton* Lawsuit; and

d. Grant Nautilus such other and further relief that the Court deems proper under the facts and circumstances.

## COUNT II
## THE "WEAPONS" EXCLUSION BARS COVERAGE

45. Nautilus adopts and re-alleges all the allegations in paragraphs 1 through 44 of its Complaint for Declaratory Judgment as paragraph 45 of Count II, as if fully set forth herein.

46. Nautilus Policy, pursuant to endorsement, contains the following exclusion the bars coverage for the following:

**EXCLUSION - WEAPONS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** The following exclusion is **added** to **2. Exclusions** of **Section I - Coverage A - Bodily Injury And Property Damage Liability**, **Coverage B - Personal And Advertising Injury Liability**, and **Coverage C – Medical Payments**:

This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of:

**1.** The disposal, distribution, importation, maintenance, manufacture, marketing, ownership, packaging, repair, sale, storage, or use of any "weapon" or any ammunition or firearm accessory for any "weapon".

**2.** Any "weapon" or any ammunition or firearm accessory for any "weapon" obtained through theft, burglary, robbery, inventory shortage, shrinkage, or mysterious disappearance, regardless of acts or omissions by you, your employees, or any other person.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured.

**B.** The following definition is added to the Definitions section:

"Weapon" means any substance, material, device or instrument that may be used to hunt, fight, cause detriment, inflict harm, restrain, injure, wound or terminate any living being, or destroy, damage, or compromise real or personal property. Weapons include, but are not limited to:

**1.** Firearms including, but not limited to, any pistol, rifle, gun, or other device capable of expelling or propelling one or more projectiles by the action of an explosive, combustible propellant, or compressed air; or

**2.** Disguised gun, antique gun, BB gun, paintball gun, pellet gun; or

**3.** Dagger, dirk, razor, stiletto, switchblade knife, gravity knife, metal knuckle knife, box cutter, cane sword, throwing star, throwing dart; or

**4.** Brass knuckles, sling shot, electronic dart gun, electroshock stun gun, blow-gun; or

**5.** Pepper spray or other noxious spray; or

**6.** Explosive powder, or incendiary material including, but not limited to, destructive devices or instruments.

All other terms and conditions of this policy remain unchanged.

*See* Ex. A at pp. 48 (hereinafter referred to as the "Weapons Exclusion").

47. Pursuant to the Weapons Exclusion, the Nautilus Policy does not provide coverage for any claim or "suit" for "bodily injury" or "personal and advertising injury" arising out of the use of any "weapon."

48. The Nautilus Policy defines the term "weapon" to include any material, device or instrument that may be used to cause detriment, inflict harm, injure, or wound any living being.

49. The *Burton* Lawsuit is a "suit" that alleges that Burton was attacked at the Apartments on January 27, 2024. *See* Ex. B, ¶ 10.

50. The information filed in criminal court against Burton's attacker alleges that, on January 27, 2024, the assailant struck Burton with a piece of wood with the intent to kill, which inflicted injury upon Burton. *See* Ex. C, p. 1.

51. All of the causes of action in the *Burton* Lawsuit arise out of the use of a "weapon."

52. The Weapons Exclusion bars coverage under the Nautilus Policy for all causes of action arising out of the use of a weapon, including causes of action for negligence, premises liability, professional negligence, negligent security, libel and slander.

53. The Weapons Exclusion bars coverage under the Nautilus Policy for all causes of action arising from an alleged use of any "weapon."

54. The Weapons Exclusion bars coverage under the Nautilus Policy for all of the claims in the *Burton* Lawsuit.

55. Because the Weapons Exclusion bars coverage for the claims asserted in the *Burton* Lawsuit, Nautilus has and had no duty to defend the Archdiocese Defendants, Triangle Associates,

Magna Properties, or any other individual or entity against the *Burton* Lawsuit, or to indemnify them for any judgment or settlement entered into in the *Burton* Lawsuit.

56. An actual controversy exists between Nautilus and Defendants, and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Nautilus, respectfully prays that this Honorable Court:

a. Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Nautilus Policy;

b. Find and declare that the Weapons Exclusion bars coverage under the Nautilus Policy for the claims asserted in the *Burton* Lawsuit;

c. Find and declare that Nautilus has and had no duty under the Nautilus Policy to defend the Archdiocese Defendants, Triangle Associates, Magna Properties, or any other individual or entity in the *Burton* Lawsuit, or to indemnify them for any judgment or settlement entered in the *Burton* Lawsuit; and

d. Grant Nautilus such other and further relief that the Court deems proper under the facts and circumstances.

**COUNT III (ALTERNATIVE)**
**THE ARCHDIOCESE DEFENDANTS DO NOT QUALIFY AS AN INSURED UNDER THE NAUTILUS POLICY**

57. Nautilus adopts and re-alleges the allegations in paragraphs 1 through 56 of its Complaint for Declaratory Judgment as paragraph 57 of Count III, as if fully set forth herein.

58. The Nautilus Policy provides coverage only to insureds. *See* Ex. B, pp. 17, 22.

59. The Nautilus Policy defines the terms "you" and "your" to mean the named insureds on the Nautilus Policy: Triangle Associates Inc. and Fountain Flats, LLC. *See* Ex. B, p. 17.

60. The Archdiocese Defendants are not listed as named insureds under the Nautilus Policy's Declarations.

61. The Archdiocese Defendants are not named as additional insureds on any endorsement to the Nautilus Policy.

62. Section II (Who Is An Insured) of the Nautilus Policy sets forth various categories of individuals and entities who may qualify as insureds, and the Archdiocese Defendants do not fall within any of these categories. *See* Ex. B, pp. 25-26.

63. Accordingly, the Archdiocese Defendants are not insureds under the Nautilus Policy.

64. An actual controversy exists between Nautilus and Defendants, and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Nautilus, respectfully prays that this Honorable Court:

a. Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Nautilus Policy;

b. Find and declare that the Archdiocese Defendants are not insureds under the Nautilus Policy;

c. Find and declare that Nautilus has and had no duty under the Nautilus Policy to defend the Archdiocese Defendants, or to indemnify them for any judgment or settlement entered in the *Burton* Lawsuit; and

d. Grant Nautilus such other and further relief that the Court deems proper under the facts and circumstances.

## COUNT IV (ALTERNATIVE)
## MAGNA PROPERTIES DOES NOT QUALIFY AS AN INSURED UNDER THE NAUTILUS POLICY

65. Nautilus adopts and re-alleges the allegations in paragraphs 1 through 64 of its Complaint for Declaratory Judgment as paragraph 65 of Count IV, as if fully set forth herein.

66. The Nautilus Policy provides coverage only to insureds. *See* Ex. B, pp. 17, 22.

16

67. The Nautilus Policy defines the terms "you" and "your" to mean the named insureds on the Nautilus Policy: Triangle Associates Inc. and Fountain Flats, LLC. *See* Ex. B, p. 17.

68. Magna Properties is not listed as a named insured under the Nautilus Policy's Declarations.

69. Magna Properties is not named as additional insureds on any endorsement to the Nautilus Policy.

70. Section II (Who Is An Insured) of the Nautilus Policy sets forth various categories of individuals and entities who may qualify as insureds, and Magna Properties does not fall within any of these categories. *See* Ex. B, pp. 25-26.

71. Accordingly, Magna Properties is not an insured under the Nautilus Policy.

72. An actual controversy exists between Nautilus and Defendants, and by the terms and provisions of 28 U.S.C. § 2201, this Court is vested with the authority to declare the rights and liabilities of the parties hereto and to grant such further and other relief as may be necessary.

WHEREFORE, Plaintiff, Nautilus, respectfully prays that this Honorable Court:

a. Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Nautilus Policy;

b. Find and declare that Magna Properties is not an insured under the Nautilus Policy;

c. Find and declare that Nautilus has and had no duty under the Nautilus Policy to defend Magna Properties, or to indemnify them for any judgment or settlement entered in the *Burton* Lawsuit; and

d. Grant Nautilus such other and further relief that the Court deems proper under the facts and circumstances.

Dated: September 6, 2024

Respectfully submitted,

TRAUB LIEBERMAN
STRAUS & SHREWSBERRY LLP

*/s/ Jeremy S. Macklin*
Jeremy S. Macklin (IL SBN: 6303870)
71 South Wacker Drive, Suite 2110
Chicago, Illinois 60606
Telephone: (312) 332-3900
Facsimile: (312) 332-3908
jmacklin@tlsslaw.com
One of the Attorneys for Defendant
*Nautilus Insurance Company*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was electronically filed with the clerk of the court and served on all counsel of record via the court's CM/ECF filing system and by electronic mail on September 6, 2024.

*/s/ Jeremy S. Macklin*

Jeremy S. Macklin (IL SBN: 6303870)
Traub Lieberman Straus & Shrewsberry, LLP
71 South Wacker Drive, Suite 2110
Chicago, Illinois 60606
Telephone: (312) 332-3900
Facsimile: (312) 332-3908
jmacklin@tlsslaw.com
One of the Attorneys for Plaintiff
*Nautilus Insurance Company*