UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ASSOCIATES OF TRIANGLE, INC., ) <br> MAGNA PROPERTIES, INC., ) <br> ROMAN CATHOLIC ARCHDIOCESE OF ) <br> INDIANAPOLIS PROPERTIES, INC., ) <br> ST. PATRICK CATHOLIC CHURCH, ) <br> INDIANAPOLIS, INC., ) <br> CATHOLIC CHARITIES OF THE ) <br> ARCHDIOCESE OF INDIANAPOLIS, INC. ) <br> d/b/a HOLY FAMILY SHELTER, ) <br> CATHOLIC SOCIAL SERVICES HOLY FAMILY ) <br> SHELTER TRUST, ) <br> JOSHUA BURTON, ) <br> CHRISTINA BURTON, ) <br> ) <br> Defendants. ) | No. 1:24-cv-01523-SEB-KMB |

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Presently pending before the Court is Plaintiff Nautilus Insurance Company's ("Nautilus") Motion to Strike Affirmative Defenses from Joshua Burton's, Christina Burton's, and Kelly Leal's Answer to Nautilus's Amended Complaint. [Dkt. 68.] For the reasons explained below, the Motion is **GRANTED IN PART** and **DENIED IN PART**, such that affirmative defenses 1-4, 9, 13, 16, and 17 are hereby **STRICKEN**, while affirmative defenses 5-8, 10-12, 14, and 15 shall proceed at this time.

**I. BACKGROUND**

In this case, Nautilus seeks a declaratory judgment limiting its coverage and defense obligations for a personal injury that Defendant Joshua Burton allegedly sustained at the

St. Patrick's Apartments in Indianapolis. [Dkt. 60 at ¶¶ 4-5.] According to the Amended Complaint, the apartments were owned by entities associated with the Roman Catholic Archdiocese of Indianapolis, some of which have been named as Defendants in this lawsuit (collectively, the "Archdiocese Defendants"). [*Id.* at ¶ 24.] The apartments were managed by Defendants Associates of Triangle, Inc. ("Triangle"), and Magna Properties, Inc. ("Magna"), during the time relevant to this lawsuit. [*Id.* at ¶ 25.] Importantly, Triangle and Magna entered into an insurance policy with Nautilus, under which Nautilus agreed to indemnify and defend them from lawsuits arising from personal injuries. [*Id.* at ¶¶ 32-35.] Nautilus claims that its obligations to defend and indemnify Triangle and Magna with respect to Mr. Burton's injuries are limited by relevant exceptions set forth in the policy agreement, such that Nautilus allegedly has no coverage duties for Mr. Burton's injuries. [*Id.* ¶¶ 6, 36-112.]

Mr. Burton and his adult guardians (collectively, "the Burtons") have filed a separate personal injury lawsuit against the Archdiocese Defendants, Triangle, and Magna, which is pending in Marion County Superior Court. *See Joshua Burton, by and through his Court Appointed Guardians, Kelly Leal, et al. v. Associates of Triangle, Inc., et al.*, Indiana Cause No. 49D04-2407-CT-029354. After the Burtons filed that lawsuit, Nautilus filed the instant lawsuit in this Court, seeking declaratory judgment with respect to its coverage and defense obligations.

The Burtons raise seventeen affirmative defenses in their Answer to Nautilus's Amended Complaint. [Dkt. 64.] In its Motion to Strike, Nautilus argues that affirmative defenses 2-17 should be stricken under Federal Rule of Civil Procedure 12(f). [Dkt. 68.] In their response brief, the Burtons seek to withdraw affirmative defenses 1, 3, 4, 9, 16, and 17, but they argue that the remaining eleven affirmative defenses should proceed. [Dkt. 73.] Nautilus filed a reply brief in

2

support of the Motion to Strike, and the Motion to Strike is now ripe for the Court's review. [Dkt. 74.]

In light of the Burtons' voluntary decision to withdraw several of their affirmative defenses, the Court rules that Nautilus's Motion to Strike is **GRANTED IN PART**, such that affirmative defenses 1, 3, 4, 9, 16, and 17, all of which have been withdrawn, are hereby **STRICKEN**. In the following sections of this Order, the Court will consider whether the remaining affirmative defenses should be stricken or be allowed to proceed at this time.

## II. LEGAL STANDARD

A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In general, motions to strike are disfavored because they "potentially serve only to delay" the proceedings. *Heller Fin., Inc. v. Midwhey Power Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). However, motions to strike may be appropriate when they expedite matters by "remov[ing] unnecessary clutter from the case." *Id.* A court may strike defenses that are "insufficient on the face of the pleadings," that fail "as a matter of law," or that are "legally insufficient." *Id.* District courts have considerable discretion in ruling on motions to strike. *Delta Consulting Grp., Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009).

Federal Rule of Civil Procedure 8(c) requires defendants to plead any affirmative defenses in their answer. A defense is an affirmative defense if it is specifically enumerated in Rule 8(c), if the defendant bears the burden of proof, or if the defense does not require controverting the plaintiff's proof. *See Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 872 (7th Cir. 2012). A court may properly strike a defense that does not meet this standard but that a party nonetheless pleads as an affirmative defense. *See, e.g.*, *Ford v. Psychopathic Records, Inc.*, 2013 WL 3353923,

at *7 (S.D. Ill. July 3, 2013). A court may also strike defenses that are stated as "bare bones conclusory allegations" and omit "any short and plain statement of facts and fail[] totally to allege the necessary elements of the alleged claims." *Heller*, 883 F.2d at 1295.[1]

### III. DISCUSSION

As explained in more detail below, the Court finds that affirmative defense 2 (Failure to Mitigate Damages / Spoliation) should be stricken because it is not supported by sufficient factual allegations and because spoliation is not an affirmative defense but rather is an evidentiary issue that may be raised in an appropriate motion, such as a motion for sanctions. Affirmative defense 13 (Breach of Contract) should also be stricken because it merely denies the merits of Nautilus' claim and, thus, is not an affirmative defense. Affirmative defenses 5-8, 10-12, 14, and 15 shall proceed at this time but may be challenged by Nautilus in an appropriate written motion later in these proceedings, such as in a motion for summary judgment.

**A.  Affirmative Defense 2 – Failure to Mitigate Damages / Spoliation**

In affirmative defense 2, the Burtons allege that Nautilus "failed to fulfill its duty to mitigate damages and to ensure the preservation of crucial evidence related to the Underlying Lawsuit, thereby significantly prejudicing Defendants."  [Dkt. 64 at 13.]  The Burtons further allege that Nautilus "not only failed to provide clear instructions regarding preservation but also neglected to take proactive steps to secure this evidence, resulting in its spoliation."  [*Id.*]

Nautilus argues that affirmative defense 2 should be stricken for three reasons. First, Nautilus emphasizes that it only seeks a declaratory judgment in this lawsuit, so any defense with

---

[1] Neither the United States Supreme Court nor the Seventh Circuit Court of Appeals has determined whether the heightened pleading standard for complaints set forth in *Twombly* and *Iqbal* also applies to affirmative defenses. *See, e.g.*, *Allgood v. CAN Int'l, Inc.*, 2024 WL 1530466 (N.D. Ill. April 9, 2024) (collecting cases).  For the reasons explained in Section III of this Order, the Court need not decide that issue to resolve the present motion.

respect to failure to mitigate damages "does not make sense in light of the relief sought by Nautilus in this action." [Dkt. 68 at 5.] Second, Nautilus contends that spoliation is not an affirmative defense. [*Id.* at 5-6.] Third, Nautilus argues that the Answer does not allege sufficient facts to meet the pleading standard under Rule 8. [*Id*. at 5.]

In their response, the Burtons do not address whether failure to mitigate damages may be raised in a lawsuit such as this one where the plaintiff only seeks a declaratory judgment and does not seek damages. [Dkt. 73 at 3-4.] Instead, the Burtons focus solely on their spoliation defense. [*Id.*] They argue that spoliation is an appropriate affirmative defense in this case because Nautilus's alleged "failure to preserve such evidence may prejudice the Burton Defendants by preventing a full and fair evaluation of coverage obligations." [*Id.* at 3.] They also cite a case from the Northern District of Indiana in which a plaintiff's motion to strike spoliation as an affirmative defense was denied. [*Id.* at 4 (citing *Wilson v. Tariq*, 2016 WL 5956410 (N.D. Ind. Oct. 13, 2016).]

Nautilus replies that the Burtons have not identified the evidence that Nautilus allegedly spoliated and argues that the failure to identify the allegedly spoliated evidence is dispositive of this issue. [Dkt. 74 at 4-5.] Nautilus also seeks to distinguish *Wilson v. Tariq* from the case at bar. [*Id.*]

The Court agrees with Nautilus that the Burtons have failed to adequately plead failure to mitigate damages as an affirmative defense. Failure to mitigate damages is not a relevant affirmative defense in this lawsuit since Nautilus is not seeking damages for a personal injury but rather is an insurance provider seeking a declaratory judgment limiting its coverage and defense obligations. *See Willis v. Westerfield*, 839 N.E.2d 1179, 1187 (Ind. 2006) ("[F]ailure to mitigate damages is an affirmative defense that may reduce the amount of damages a plaintiff is entitled to recover after liability has been found. Put simply, a plaintiff in a negligence action has a duty to

mitigate his or her post-injury damages, and the amount of damages a plaintiff is entitled to recover is reduced by those damages which reasonable care would have prevented.") (internal citations omitted). In fact, nothing in the Burtons' Answer or its briefing in opposition to the Motion to Strike describes a failure to mitigate damages by Nautilus. Although affirmative defense 2 is labeled "Failure to Mitigate Damages / Spoliation" this appears to be a misnomer, since the substance of affirmative defense 2 alleges a failure to preserve critical evidence rather than a failure to mitigate damages as that legal phrase is used. Accordingly, the Answer's reference to failure to mitigate damages as an affirmative defense is hereby **STRICKEN**.

Moving on to the issue of spoliation, the Court finds that spoliation is not an affirmative defense and for this reason should also be stricken from the Burtons' Answer. As many other courts have held, spoliation is a discovery or evidentiary issue that may be raised through an appropriate motion, such as a motion for sanctions, and need not be raised in an answer. *See ArcelorMittal Ind. Harbor LLC v. Amex Nooter, LLC*, 2017 WL 6508763, *1 (N.D. Ind. Dec. 20, 2017) ("Spoliation is not properly addressed as an affirmative defense but rather should be addressed as an evidentiary and/or discovery matter, such as through a motion for sanctions. Courts that have considered whether spoliation is an affirmative defense have consistently found that it is not.") (collecting cases). The Court acknowledges the holding in *Wilson*, which reasoned that spoliation is an affirmative defense, but it is more persuaded by and will follow the voluminous contrary authority holding that spoliation is not an affirmative defense.

In sum, the Court finds that affirmative defense 2 does not adequately plead failure to mitigate damages as an affirmative defense. The Court also finds that spoliation is not an affirmative defense and is instead an evidentiary or discovery matter that a party may raise through an appropriate motion, such as a motion for sanctions. Although affirmative defense 2 is hereby

**STRICKEN**, nothing in this Order precludes the Burtons from seeking spoliation sanctions through a motion should it be appropriate to do so.

### B. Affirmative Defense 13 – Breach of Contract

In affirmative defense 13, the Burtons allege that Nautilus "has materially breached its contractual obligations . . . by failing to provide coverage, failing to defend its insureds, and failing to act in accordance with the terms and conditions of the policies. This breach precludes Plaintiff from enforcing policy exclusions or other defenses." [Dkt. 64 at 15.] This is not an affirmative defense; rather, it is a denial of Nautilus's claim for a declaratory judgment limiting its coverage obligations in this matter. Accordingly, its inclusion as an affirmative defense in the Burtons' answer is unnecessary clutter and is hereby **STRICKEN**. That said, nothing in this Order relieves Nautilus from proving the elements of its claim, and nothing in this Order should be construed as an interpretation of any relevant policy provision in Nautilus's insurance agreement.

### C. Affirmative Defenses 5-8, 10-12, 14, and 15

Affirmative defenses 5 (Estoppel Based on Prior Representations), 6 (Waiver of Coverage), 7 (Doctrine of Reasonable Expectations), 8 (Misrepresentations of Policy Terms), 10 (Waiver, Estoppel, and Laches), 11 (Breach of Duty to Defend), 12 (Failure to Act in Good Faith), 14 (Unclean Hands), and 15 (Failure to Timely Disclaim Coverage) each allege that Nautilus is precluded from refusing to defend and indemnify its insureds because it failed to issue a reservation of rights letter, misrepresented its policy terms, acted in a manner consistent with acknowledging coverage, and failed to preserve critical evidence. [Dkt. 64 at 13-15.] The Court will address these

defenses together because they involve similar factual allegations and because Nautilus makes similar arguments for why each defense should be stricken.

Nautilus argues that affirmative defenses 5-8, 10-12, 14, and 15 should be stricken for two reasons. First, Nautilus contends that the Burtons have no standing to raise these defenses because they are not the insurance policy holders. [Dkt. 68 at 8-14.] Second, Nautilus argues that the Answer does not allege sufficient facts. [*Id.*]

In response, the Burtons argue that their status as third-party beneficiaries of Nautilus's insurance policies with Triangle and Magna gives them standing to raise these affirmative defenses. [Dkt. 73 at 5-11, 13, 15-17.] They also contend that the factual allegations in their Answer are adequate and that additional facts relevant to these defenses may come to light during discovery. [*Id.*]

Nautilus replies that the Burtons have failed to support their standing argument with relevant legal authority and reiterates that the Burtons' Answer fails to allege sufficient facts to meet the pleading standard under Rule 8. [Dkt. 74 at 5-11.]

Having considered the Parties' arguments, the Court finds that striking affirmative defenses 5-8, 10-12, 14, and 15 at this stage of the proceedings would be premature. In making this decision, the Court emphasizes that district courts have considerable discretion in ruling on motions to strike. *See Delta Consulting Grp., Inc.*, 554 F.3d at 1141; *see also* Fed. R. Civ. P. 12(f) ("The court *may* strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.") (emphasis added). The Court also observes that the most relevant facts underlying these affirmative defenses will likely arise from Nautilus's own conduct, of which Nautilus already has full knowledge. *See Allgood*, 2024 WL 1530466, at *4-5 (declining to strike affirmative defenses for insufficient factual allegations because the plaintiff had full knowledge of

8

the facts relevant to those defenses, whereas the defendant needed to develop the factual record through discovery). Further, Nautilus has not identified what prejudice it would suffer if the Court were to deny the Motion to Strike and allow the Burtons to develop the factual record for these affirmative defenses through discovery. *Savis Inc. v. Cardenas*, 2019 WL 13083435, at *2 (N.D. Ill. June 21, 2019) (holding that a lack of prejudice to the plaintiff militates against striking an affirmative defense at the pleading phase). The Court also emphasizes that moving to strike affirmative defenses at the pleading phase is a disfavored practice—often the far better approach is to defer the issue until a later stage of the proceedings, such as a motion for summary judgment. *See Aylin & Ramtin, LLC v. Barnhardt*, 2022 WL 658786 (N.D. Ill. March 4, 2022) ("A better approach is for a plaintiff to serve an interrogatory, and ask the defendant to provide the factual basis for each affirmative defense. If there is none, then the plaintiff could move for summary judgment on those defenses someday, if necessary. . . . A different approach would encourage motions to strike and turn Rule 12(f) on its head, transforming it from a disfavored path into an overcrowded highway with a traffic jam of motions."). Given these considerations, the Court declines to strike affirmative defenses 5-8, 10-12, 14, and 15 from the Burtons' Answer at this stage of the proceedings. Resolving the present motion did not require the Court, at this time, to decide whether the Burtons have standing to raise these affirmative defenses or whether the factual allegations in the Answer meet the pleading standard under Rule 8.

In sum, the Court exercises its discretion under Rule 12(f) and declines to strike affirmative defenses 5-8, 10-12, 14, and 15. In making this decision, the Court notes that Nautilus has full knowledge of the facts relevant to these affirmative defenses, since they arise from Nautilus's own conduct, whereas the Burtons may need to develop the factual basis for these defenses through discovery. Further, Nautilus has not explained why it would be prejudiced by contesting

9

affirmative defenses 5-8, 10-12, 14, and 15 in a subsequent motion, such as a motion summary judgment.  The Court emphasizes that moving to strike affirmative defenses is disfavored, and the Court is not persuaded that granting Nautilus's motion to strike these affirmative defenses would expedite these proceedings.  For all of these reasons, affirmative defenses 5-8, 10-12, 14, and 15 **SHALL PROCEED** at this time.

## IV. CONCLUSION

For the reasons explained above, Nautilus's Motion to Strike Affirmative Defenses is **GRANTED IN PART** and **DENIED IN PART**.  [Dkt. 68.]  Affirmative Defenses 1-4, 9, 13, 16, and 17 are hereby **STRICKEN**.  Affirmative defenses 5-8, 10-12, 14, and 15 shall proceed at this time.

**SO ORDERED**.

Date: 8/14/2025

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

10